### JAMES HOUSE ET. AL. *v.* HARLAN MOORES ET AL.

**Injunction—Action on Bond—Pleading.**

In an action for damages for delay in the delivery of property caused by an injunction, the petition therefor should allege that the damages have been assessed in the manner prescribed and also the amount of the cost incurred by the party against whom the injunction was obtained.

### APPEAL FROM BATH CIRCUIT COURT.

February 25, 1874.

OPINION BY JUDGE PETERS:

The concluding sentence of Sec. 325, Civil Code, provides that where the delivery of property has been delayed by an injunction, the value of the use, hire, or rent thereof shall be assessed. Judgment shall be rendered against the party who obtained the injunction for the damages assessed, and the assessment shall be conclusive against the surety of said party. The court, on the dissolution of the injunction, shall assess the damages and may hear the evidence and decide in a summary way, or may at its discretion cause a jury to be impaneled to find the damages. Same section.

The petition therefore should have alleged that the damages had been assessed in the manner prescribed, and also the amount of costs incurred by the party against whom the injunction had been obtained. For the failure to make these averments, the petition did not set forth facts sufficient to constitute a cause of action, and the demurrer was properly sustained.

Wherefore the judgment is affirmed.

*J. S. Hunt, for appellants.*

*Apperson & Reid, for appellees.*